### ALPAUGH *vs.* ROBERSON and others.

1. The cancellation or destruction of a deed by consent of parties, will not divest the grantee of an estate thereby granted to him and vested in him by virtue thereof, and re-vest it in the grantor; and this is equally true as to a deed made under the "act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," as to any other.

2. By a conveyance made under that act, the real and personal estate of the assignor passes to the assignee and continues in him, notwithstanding the destruction of the deed.

3. The execution of such a conveyance is the creation of a trust which exists, notwithstanding the destruction of the instrument, and which the Court of Chancery will establish and execute.

4. Upon a renunciation by the assignee of his trust, under such a conveyance, application should be made to the Court of Chancery to appoint a trustee in his stead.

5. Where, after the destruction of a conveyance made under the act "to secure to creditors an equal and just division," &c., the grantor made an assignment to other assignees, such assignees were enjoined.

6. In such a case, declared, that if consent be given, the trust under the original assignment will be established by decree of the court, and a new trustee or trustees appointed under it; otherwise, a receiver will be appointed.

Bill to establish a trust under a canceled deed of assignment for the benefit of creditors. Motion for injunction.

*Mr. J. T. Bird,* for motion.

*Mr. J. N. Voorhees, contra.*

THE CHANCELLOR.

The bill states that Andrew Roberson, of Hunterdon county, being largely indebted to the complainant and others, on the 6th of April, 1876, assigned, for the benefit of his creditors, to Gabriel H. Slater, of that county, by deed duly executed, acknowledged and delivered, all his estate, real and personal, in pursuance of and in accordance with the provisions of the act " to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors ; " that the deed was, after its execution, left with a gentleman who was attorney for both the assignor and assignee; that Slater, before the execution of the deed, agreed with Roberson that he would accept it, and would execute the trust which, by law, would devolve upon him in the premises ; and it also alleges, that after the execution of the deed, he stated that he had been appointed assignee. The bill further states that about two days after the execution and delivery of the deed, Slater being unable to give the security required by the act, the deed was, by consent of Roberson and Slater, destroyed, and the former executed and delivered a new deed of the same character and in accordance with the provisions of the act, to Moses K. Everitt and Peter S. Kugler, who accepted it, and having given bond according to law, entered upon the discharge of their duties as assignees under it. The bill charges that no title passed by this latter deed, but that the title to the real and personal estate of the assignor still remains in Slater, and it prays that the deed to Slater and the trust thereby created, may be established, and that a trustee or trustees may be appointed to execute the trust. It prays an injunction against Everitt and Kugler, and for the

appointment of a receiver. The counsel of the assignor and of Messrs. Everitt and Kugler, on the argument of this motion, admitted the truth of the facts stated in the bill.

The cancellation of a deed by consent of parties, will not divest the grantee of an estate thereby granted to him and vested in him by virtue thereof, and re-vest it in the grantor; and this is equally true as to a deed made under the act referred to, as it is as to one having no reference to it. The title to the real and personal estate of the assignor, passed to Slater by the deed to him, and still remains in him. Moreover, the execution of the deed to Slater was the creation of a trust, which, notwithstanding the destruction of that instrument, still exists, and which this court will establish and execute. *Scull* v. *Reeves*, 2 *Green's C. R.* 85; *S. C., Id.* 131; *Read* v. *Robinson*, 6 *Watts & Serg.* 332; *Seal* v. *Duffy*, 4 *Barr* 274. On Slater's renunciation of the trust, application should have been made to this court to appoint a trustee or trustees in his stead. *Scull* v. *Reeves, supra; Burrill on Assignments* 282.

The injunction will be granted, and unless consent is given to the making of a decree establishing the trust under the deed to Slater, and the appointment of a trustee or trustees under it, a receiver will be appointed.